STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: Omya Solid Waste Disposal Facility | } | |
| Interim Certification | } | Docket No. 273-11-08 Vtec |
| (Appeal of Residents Concerned About Omya) | } | |
| | } | |

Decision and Order on Motions to Dismiss

Appellant group Residents Concerned About Omya appealed from a decision of the Vermont Agency of Natural Resources (ANR) issuing an interim solid waste management facility certification to Appellee-Applicant Omya Inc. Appellant group Residents Concerned About Omya is represented by David Mears, Esq.; Appellee-Applicant Omya Inc. is represented by Edward V. Schweibert, Esq. and Hans Huessy, Esq.; the ANR is represented by Michael Steeves, Esq.; and amicus curiae Vermont Natural Resources Council (VNRC) is represented by Jon Groveman, Esq.

Appellee-Applicant and the ANR have moved to dismiss the sole question in Appellant's Statement of Questions. The question reads in full as follows:

> Do the provisions of Vermont's Groundwater Protection Law, [10 V.S.A. ch. 48] in (1) 10 V.S.A. § 1390, relating to the state's obligation to manage and protect groundwater as a public trust resource[,] and (2) 10 V.S.A. § 1394, relating to the standards applied to and the authorized uses of groundwater, preclude the issuance of an interim certification authorizing the dumping of contaminated waste into unlined pits in direct contact with groundwater?

Appellant has raised as the issue on appeal the way in which Vermont's already existing and recently amended statutes addressing groundwater should or should not be considered by the ANR (or by this Court in this de novo appeal), in carrying out its responsibilities under 10 V.S.A. § 6605b. The decision on appeal was issued pursuant to

1

10 V.S.A. § 6605b, within Chapter 159 of Title 10, governing Waste Management. As such, it may be appealed to this Court. 10 V.S.A. § 8503(a)(1)(N).

Most importantly, the motions conflate the concept of an appeal of an ANR decision under 10 V.S.A. § 8504(a) with the concept of a "cause of action."[1] The issue in the present case is only raised in the context of an appeal of an ANR solid waste interim certification decision made under 10 V.S.A. § 6605b. This appeal does not constitute a "cause of action" or "right of legal action" at all, in contrast to the private cause of action provided in 10 V.S.A. § 1410(c).[2] Appellant has simply appealed the ANR's interim certification decision, under 10 V.S.A. § 8504(a), and does not claim a private right of action in this proceeding.

Because this appeal does not implicate a cause of action or private right of action, it is therefore not necessary at this time to examine the parties' arguments distinguishing the scope of private rights of action regarding groundwater quantity as distinct from the scope of such private rights of action regarding water quality.

Under 10 V.S.A. § 6605b(b), the issuance of an interim certification requires certain affirmative findings regarding, among other things, the effect of the proposal on the environment and the consistency of the proposal with the state solid waste management plan. Under 10 V.S.A. § 6605b(c), an interim certification is required to contain, among other things, provisions for groundwater monitoring, as well as to contain "conditions, requirements and restrictions as the secretary may deem necessary to preserve and protect the public health and the environment."

---

[1] Black's Law Dictionary (8th ed. 2004) defines "cause of action" as "a factual situation that entitles one person to obtain a remedy in court from another person," while an "appeal" is defined as a "proceeding undertaken to have a decision reconsidered by a higher authority; esp., the submission of a lower court's or agency's decision to a higher court for review and possible reversal."

[2] First enacted in 1985, at least in part in response to the existing common law doctrines regarding groundwater, which were described in <u>Drinkwine v. State</u>, 129 Vt. 152, 153–54 (1970).

2

It will be for the merits of this appeal, or for motions for summary judgment, to determine whether or in what respect the policy directives referenced in 10 V.S.A. § 1390, at least several of which refer to groundwater quality, are or are not applicable to the interim certification at issue in the present appeal. Similarly, it will be for the merits of this appeal, or for motions for summary judgment, to determine whether or in what respect 10 V.S.A. § 1394 affects or should be considered in connection with the interim certification at issue in the present appeal.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellee-Applicant's and the Vermont Agency of Natural Resources' Motions to Dismiss are hereby DENIED. A telephone conference has been scheduled (see enclosed notice); please be prepared to discuss a schedule for mediation, for the submission of the appeal by motions for summary judgment, as discussed at the last pretrial conference, including the filing of any evidence or testimony in writing, or whether an evidentiary hearing may be necessary.

Done at Berlin, Vermont, this 15th day of April, 2009.

_____
Merideth Wright
Environmental Judge